Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered August 10, 2007, which, to the extent appealed from, granted the motion of defendants Time Warner Inc. and Time Warner Cable Inc. (Time Warner) to dismiss the causes of action for defamation asserted against them in the seventeenth and eighteenth causes of action, unanimously affirmed, without costs.
Since plaintiff is a public official, he was required to allege that Time Warner acted with actual malice, which means with knowledge that the statements at issue were false, or with reckless disregard of whether or not they were false (New York Times Co. v Sullivan, 376 US 254, 279-280 [1964]). Reckless disregard means a high degree of awareness of probable falsity (Gertz v Robert Welch, Inc., 418 US 323, 332 [1974]). It did not suffice to plead the lower standard of gross irresponsibility applicable to private-person plaintiffs, as set forth in Chapadeau v Utica Observer-Dispatch (38 NY2d 196 [1975]).
Plaintiff did not plead actual malice either explicitly or through facts from which actual malice can be inferred. Actual malice cannot be inferred from factual allegations merely suggesting that Time Warner had reason to question the accuracy of the information at issue (see Harte-Hanks Communications, Inc. v Connaughton, 491 US 657, 688 [1989]). This asserts, at most, a negligence theory that falls far short of the requisite actual malice standard (see Masson v New Yorker Magazine, Inc., 501 US 496, 510 [1991]; Time, Inc. v Pape, 401 US 279, 291 [1971]).
There is no merit to plaintiff’s argument that the actual malice standard does not apply because Time Warner republished information already published in a newspaper. On the contrary, since plaintiff is a public official, he must plead actual malice in order to overcome the privilege that protects a republisher of information from a reliable source (see Karaduman v Newsday, Inc., 51 NY2d 531, 551 [1980]).
We have considered plaintiffs procedural arguments and find them unavailing. Concur—Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.